**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**American Family Prepaid Legal Corp.**,

      Plaintiff,

vs.                                   Case No. 05-CV-459
                                         Judge Gregory L. Frost

**Columbus Bar Association,**          Magistrate Judge Kemp

      Defendant.

## OPINION & ORDER

The Court considers this case pursuant to a motion for a stay and an injunction filed by Plaintiff American Family Prepaid Legal Corporation ("American Family") (Doc. # 52) and a response in opposition filed by Defendant Columbus Bar Association ("CBA") (Doc. # 55). Because the Court granted American Family's request for expedited consideration, no reply was permitted. (Doc. # 53). For the following reasons, the Court finds the motion well taken and therefore **GRANTS** the same. (Doc. # 52).

## BACKGROUND

To avoid repetition, the Court deems it unnecessary to restate the factual and procedural background of the case. Rather, the Court shall incorporate that information from its May 9, 2006 Opinion and Order herein. (Doc. # 47). Of particular interest to the disposition of the current motion, however, is the fact that American Family initiated an appeal of that Opinion and Order on June 2, 2006 and now seeks a Fed. R. Civ. P. 62(c) stay and injunction from this Court. (Doc. # # 51, 52).

1

**DISCUSSION**

In addressing whether to grant a stay pending appeal, a court considers four factors: (1) whether the party seeking the stay has made a strong showing of a likelihood of success on the merits, (2) whether the absence of a stay will irreparably injure the applicant, (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). In making such inquiries, the Court is cognizant that it must balance these interrelated considerations together. *Michigan Coalition*, 945 F.2d at 153. In other words, no one factor is wholly dispositive; for example, as American Family points out, the "probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the applicant] will suffer absent a stay .... Simply stated, more of one excuses less of the other." *Id*.; Doc. # 52 at 3. The consequent result of this rationale is that when the potential for irreparable injury exists, the applicant must show "serious questions going to the merits." *Id*. at 153-54. The Court shall discuss each factor to be considered in turn.

**(1) Likelihood of success on the merits.** American Family maintains that the Supreme Court of Ohio's Rule for the Government of the Bar VII Section 5a ("Rule") is facially unconstitutional and that the Rule violates American Family's right to procedural due process in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983. (Doc. # 1 at ¶ ¶ 108-119). The Court concludes that American Family has demonstrated a strong likelihood of success on the merits and serious questions going to the merits.

2

To make a valid claim under § 1983, American Family must establish that: (1) it was denied a constitutional right; and (2) the CBA acted under the color of law.  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).  While the parties concentrate on the former at the expense of the latter, the Court shall address the second factor first before turning to analysis of whether the Rule deprives American Family of its rights to procedural due process.  (Doc. # # 52, 55).

To begin, Ohio's Constitution vests the State's judicial power in the Ohio Supreme Court.  Ohio Constit. art. IV, § 1.  The Constitution also mandates that the Ohio Supreme Court has original jurisdiction over "admission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law."  Ohio Const. art. IV, § 2(B)(1)(g).  Pursuant to that jurisdiction, the Ohio Supreme Court has created Rules for the Government of the Bar, which include the Rule at issue.  The Rule provides, in pertinent part:

> (A)(1) Upon receipt of substantial, credible evidence demonstrating that an individual or entity has engaged in the unauthorized practice of law and poses a substantial threat of serious harm to the public, the Disciplinary Counsel or unauthorized practice of law committee of any regularly organized bar association, which shall be referred to as the relator, shall do both of the following:
>
> (a) Prior to filing a motion for an interim cease and desist order, make a reasonable attempt to provide the individual or entity, who shall be referred to as respondent, with notice, which may include notice by telephone, that a motion requesting an interim order that the respondent cease and desist engaging in the unauthorized practice of law will be filed with the Supreme Court.
>
> (b) File a motion with the Supreme Court requesting that the Court order respondent to immediately cease and desist engaging in the unauthorized practice of law. The relator shall include, in its motion, proposed findings of fact, proposed conclusions of law, and other information in support of the requested order. Evidence relevant to the requested order shall be attached to or filed with the motion. The motion may include a request for an immediate, interim cease and desist order pursuant to Rule XIV of the Rules of Practice of the Supreme Court of Ohio. The motion shall include a certificate detailing the attempts made by relator to provide advance notice to the respondent of relator's intent to file the

3

motion. The motion also shall include a certificate of service on the respondent at the most recent address of the respondent known to the relator.

Rule for the Government of the Bar VII Section 5a.

Consequently, it appears that the CBA was acting under color of state law because the Supreme Court of Ohio was created by the Ohio Constitution; the Rule was created in accordance with the execution of the Supreme Court's duties; and the Rule required the CBA to file a motion with the Supreme Court of Ohio requesting that the Court order American Family to immediately cease and desist engaging in the unauthorized practice of law once the CBA obtained substantial and credible evidence.

Turning now to the issue of whether the Rule deprives American Family of its procedural due process rights, the Court notes that the Due Process Clause of the Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. According to the Sixth Circuit, procedural due process protects those life, liberty, or property interests that fall within the Due Process Clause of the Fourteenth Amendment. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). Procedural due process requires that the government's deprivation of life, liberty, or property be implemented in a fair manner. *See Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002).

In order to establish a procedural due process claim under § 1983, American Family must show that (1) it had a property interest protected by the Due Process Clause; (2) it was deprived of this protected interest; and (3) the state did not afford it adequate procedural rights prior to depriving it of the property interest. *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999).

Property interests "are created and their dimensions are defined by existing rules or

4

understandings that stem from an independent source such as state law–rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). The CBA concedes that American Family has a property interest in conducting its business in Ohio. (Doc. # 55 at 7; Doc. # 1 at ¶ 109). This acknowledgment is in line with Sixth Circuit precedent that establishes that "due process protects an interest in the continued operation of an existing business." *Baird*, 438 F.3d at 611-12. Furthermore, the Supreme Court's Cease and Desist Order prevents American Family from operating in Ohio; thus, the Cease and Desist Order does deprive American Family of its property interest.

The "deprivation by state action of a constitutionally protected interest in 'life, liberty or property' is not itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." *Zinermon v. Burch*, 494 U.S. 113, 125 (emphasis in original) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 (1981) and *Carey v. Piphus*, 435 U.S. 247, 259 (1978)). The fundamental requirement of due process is the right to be heard "'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). However, [d]ue process, "unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances." *Cafeteria Workers v. McElroy*, 367 U.S. 886, 895 (1961). As a result, "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

The Court's determination of whether the Rule affords American Family due process is guided by a consideration of the following three factors:

5

> [f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  A thorough analysis of those factors reveals that the Rule most likely violates American Family's procedural due process rights.

Regarding the first factor, the private interest at issue is American Family's ability to continue operating the plan in Ohio.  In essence, the Cease and Desist Order completely prohibits American Family from exercising its property interest.

The second aspect of the *Mathews* test requires the Court to consider whether the Rule's current procedures create a risk of an erroneous deprivation of American's property interest in conducting business in Ohio.  When examining that facet of the inquiry, the Court must delve into the "nature of the relevant inquiry."  *Id.* at 342.  At issue before the Ohio Supreme Court is whether American Family is engaged in the unauthorized practice of law.  A person who is not admitted to the practice of law pursuant to the Supreme Court of Ohio Rules for the Government of the Bar engages in the unauthorized practice of law when he or she provides legal services to another in this state.  *Trumbull County Bar Ass'n v. Legal Aid State Servs.*, 109 Ohio St. 3d 93, 94 (2006) citing Gov. Bar R. VII(2)(A); *see also*, R.C. 4705.01.  "The practice of law is not limited to appearances in court. It also embraces the preparation of papers that are to be filed in court on another's behalf and that are otherwise incident to a lawsuit."  *See, e.g., Cleveland Bar Assn. v. Misch*, 82 Ohio St. 3d 256, 259 (1998); *Land Title Abstract & Trust Co. v. Dworken*, 193 N.E. 650, paragraph one of the syllabus (Ohio 1934). Thus, unauthorized practice occurs

6

when a layperson renders legal services for another person.  *Richland Cty. Bar Assn. v. Clapp,* 84 Ohio St.3d 276, 278 (1998); *Cleveland Bar Assn. v. Para-Legals, Inc*., 835 N.E.2d 1240 (2005).  With that information in mind, the Court turns to a review of the Rule's procedures.

In its present form, the Rule requires the realtor (CBA), once in possession of "substantial and credible evidence" that an entity (respondent) is engaging in the unauthorized practice of law, to file a motion with the Ohio Supreme Court for an interim order requesting that the respondent immediately cease and desist from engaging in the practice of law.  Rule for the Government of the Bar VII Section 5a.  Prior to filing that motion, however, the realtor must make a "reasonable attempt" to notify the respondent of the impending filing.  *Id.*  The motion must set forth "proposed findings of fact, proposed conclusions of law, and other information in support of the requested order.  Evidence relevant to the requested order shall be attached to or filed with the motion."  *Id.*

At that point, the Rule provides for two divergent methods of enabling the Supreme Court to review the motion.  Under Gov. Bar R. VII Section 5a(A)(2), the respondent may file a memorandum in opposition to the motion.  American Family elected to file such a memorandum, but the Supreme Court granted the CBA's motion.  As a result, the issue arises of whether the notice and opportunity to file a memorandum in opposition satisfies due process, or whether due process mandates a hearing as well.

The Court concludes that a hearing is likely necessary because of the factual issues that are inherent in determining whether agents of a corporation, like American Family, have engaged in the practice of law.  Namely, a court charged with deciding that question must discern which employees completed what documents, if any of those employees were attorneys,

7

whether those documents were going to be used in court, and what the communications among American Family's actual and potential clients entailed.  Those questions involve numerous instances of he-said, she-said divergences that require the Court to allow the realtor and respondent a chance to examine the witnesses and simultaneously provide the Court with an opportunity to observe the witness in person.  Mere briefing does not enable that to take place and therefore enhances the risk that the Ohio Supreme Court would deprive American Family of its property interest in error.  In short, the Rule's procedures are neither fair nor reliable.

Furthermore, the Sixth Circuit held cases such as the case *sub judice* that involve due process challenges to deprivations resulting from the enforcement of an established state procedure do not implicate random and unauthorized acts.  *Mertik v. Blalock*, 983 F.2d 1353, 1364-1365 (6th Cir. 1993).  As a result, "it is both practical and feasible for the state to provide pre-deprivation process to the aggrieved party."  *Id.*

Alternatively, the Rule allows the Ohio Supreme Court to issue an order on the relator's motion prior to the respondent being given an opportunity to respond.  Gov. Bar R. VII § 5a(B).  This provision of the Rule, if exercised by the Ohio Supreme Court, is likely to be found facially unconstitutional because it does not provide respondents with the chance to respond to the charges at all.

Additional or substitute procedural safeguards would probably have a significant value.  Requiring a hearing and deleting the portion of the Rule that allows the Supreme Court to rule on the motion without a respondent's response would undoubtedly erase the problems highlighted above and might result in increased judicial economy–any questions the Court may have could be addressed quickly at the hearing without the increased time and expense associated with

additional briefing.

Lastly, the Court considers the Government's interest.  Undoubtedly, the Ohio Supreme Court has a significant interest in the unauthorized practice of law.  *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 434 (U.S. 1982).  And, the Court is not blind to the fact that holding a hearing would cause the Ohio Supreme Court to incur increased fiscal and administrative burdens.  To that end, the Rule requires the relator to produce proposed findings of fact and conclusions of law in addition to substantial, credible evidence that the respondent is engaged in the unauthorized practice of law.  The court would therefore have those materials at their disposal in addition to the parties' briefs when rendering a decision, much the way the court has briefs before it for any other hearing.  Finally, the Court notes that the Government also has a strong interest in ensuring that constitutional rights are not violated.  Consequently, the Court concludes under *Mathews* that due process likely requires the Rule to provide for a predeprivation hearing.  The first factor therefore weighs in favor of granting the motion.[1]

**(2) Irreparable injury**.  Perhaps recognizing that injunctions and stays are rarely, if ever, appropriate when financial damage is the only potential injury, American Family ignores a discussion of how *it* would be harmed by the issuance of a stay and instead focuses on the possible harm *its customers* may face were the Court to deny its motion.  (Doc. # 52 at 8). American Family's attempt to dodge the pertinent inquiry–namely, whether American Family, as the applicant, would suffer irreparable harm if its motion is not granted–is unsuccessful, as the Court is convinced that the only harm it would suffer under that scenario would be loss of

---

[1] The Court also concludes that American Family does not have a strong likelihood of success on the abstention issue for the reasons espoused in the May 9, 2006 Opinion & Order.

business profits in Ohio.  And, as the Sixth Circuit has held "[i]t is well settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992).  *See also Friendship Materials v. Michigan Brick, Inc*. 679 F.2d 100, 105 (6th Cir. 1982) (quoting *Triebwasser & Katz v. American Telephone & Telegraph Co.*, 535 F.2d 1356, 1359 (2d Cir. 1976) for the proposition that this prong of the analysis is the "'fundamental and traditional requirement for'" injunctive relief).  The second factor therefore weighs in favor of denying the motion.

**(3) Substantial injury to other parties**.  American Family comments that its Ohio customers would be harmed absent a stay and an injunction because those individuals would not be able to utilize the "legal and financial services provided as part of membership in the Plan."  (Doc. # 52 at 8).  In advancing this argument, American Family ignores Ohio's strong interest in regulating of the practice of law.  *Berger v. Cuyahoga County Bar Association*, 983 F.2d 718, 723 (6th Cir. 1993); *see also Bailey, et al., v. Moyer, et al*., No. 05-556, at 5-6 (S.D. Ohio June 23, 2005); *Brown v. Ohio Disciplinary Counsel*, No 99-4514, 2000 U.S. App. LEXIS 23662, at *3 (6th Cir. 2000).  The Supreme Court held:

> The State ... has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses. States traditionally have exercised extensive control over the professional conduct of attorneys. The ultimate objective of such control is 'the protection of the public, the purification of the bar and the prevention of a re-occurrence.' The judiciary as well as the public is dependent upon professionally ethical conduct of attorneys and thus has a significant interest in assuring and maintaining high standards of conduct of attorneys engaged in practice.

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 434 (U.S. 1982)

10

(citations omitted).  As a result, the Court holds that Ohio's interest in protecting *all* of its residents from the unauthorized practice of law outweighs whatever inconvenience plan members who are Ohio residents may temporarily suffer without a stay.[2]

Additionally, the CBA's role in maintaining and enforcing the integrity of the local legal profession would be jeopardized.  The CBA has "substantial, credible evidence" about American Family that tends to show that American Family is engaging in, or has engaged in, the unauthorized practice of law and that American Family poses a substantial threat of serious harm to the public. "  Gov. Bar R. VII Section 5a.  The Rule therefore requires the CBA to file a motion for a cease and desist order with the Ohio Supreme Court.  Granting a stay and an injunction would serve to harm the CBA's ability to sustain the integrity of the local bar through the enforcement of the Rules of the Government of the Bar.

Despite this, the Court holds that all Ohioans would be harmed if a stay and an injunction did not issue because to deny the motion would be to implicitly allow American Family's constitutional right to procedural due process to continue to be violated.  As such, the Court concludes that the third element favors granting American Family's motion.

**(4) Public interest**.  Lastly, as noted above, the goal of the state's regulation of attorneys is the "protection of the public."  *Middlesex*, 457 U.S. at 434 (citation omitted).  Again, however, the public interest also favors the protection of constitutional rights.  The fourth and final factor therefore weighs equally in favor of granting and of denying the motion.

## CONCLUSION

---

[2] The Court is in no way attempting to belittle that inconvenience.

11

The Court utilizes its discretion to **GRANT** American Family's motion for a stay and an injunction.  (Doc. # 52).[3]  Counsel for American Family shall confer with counsel for the CBA and submit a proposed stay and injunction order to the Court via electronic mail at frost_chambers@ohsd.uscourts.gov for review and signature by July 6, 2006.

**IT IS SO ORDERED.**



    /s/   Gregory L. Frost

**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court recognizes that the practical effect of this Order is to ignore what the *Younger* doctrine prohibits–namely, interference with ongoing and important state judicial proceedings. The Rule 62 analysis of the Gov. Bar R. VII Section 5a, however, mandates this result.

12