UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**American Family Prepaid Legal Corp.**,

    Plaintiff,

vs.                                              Case No. 05-CV-459
                                              Judge Gregory L. Frost
**Columbus Bar Association,**              Magistrate Judge Kemp

    Defendant.

## OPINION & ORDER

Defendant Columbus Bar Association ("CBA") moves the Court to reconsider its June 28, 2006 Opinion & Order (Doc. # # 57, 58) that granted Plaintiff American Family Prepaid Legal Corporation's ("American Family") motion for a stay and injunction pending appeal. (Doc. # 59). American Family opposes the motion, and the CBA has filed a reply. (Doc. # 62; Doc. # 64).

Initially, the Court holds that oral argument is not essential to the fair resolution of the matter presently before the Court. Thus, the CBA's request for an oral argument on the motion for reconsideration is **DENIED**. (Doc. # 59 at 3). *See also* S.D. Ohio Civ. R. 7.1(b)(2).

The basis for the CBA's motion to reconsider is Fed. R. Civ. P. 59(e), which pertains to alteration or amendment of judgments. Motions for reconsideration under that rule may be granted if there is a clear error of law, newly discovered evidence, a change in controlling precedent, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). The CBA's argument may be summarized in the following manner: the Court committed a clear error of law by focusing on American Family's likelihood of success

1

on its due process claim when ruling on American Family's motion to stay instead of concentrating on the true issue that the Sixth Circuit will consider on appeal–whether the Court was correct in holding that the *Younger* abstention doctrine applied. (Doc. # 59 at 1, 3-5). In other words, the CBA contends that when a court considers a Fed. R. Civ. P. 62(c) motion, it must analyze "the issue on appeal" when addressing the likelihood of success prong of the stay/injunction analysis. (Doc. # 59 at 4).

To support its contention, the CBA directs the Court's attention to *Accident Fund v. Baerwaldt*, 579 F. Supp. 724, 725 (W.D. Mich. 1984). In that case, the plaintiffs sought injunctive and declaratory relief to remedy "the alleged deprivation, under color of state law, of their rights, privileges, and immunities under the United States Constitution and federal statutes." *Id.* at 724. The Court, however, dismissed the matter on abstention grounds pursuant to both the *Pullman* and *Burford* doctrines. *Id.* Plaintiffs subsequently appealed and moved the Court for a stay pursuant to Fed. R. Civ. P. 62. *Id.* The Court denied the motion for a stay, holding that the plaintiff's likelihood of success on the abstention issue was low. *Id.* at 724-725.

The CBA also relies on the Sixth Circuit's discussion of the familiar four factors a court must weigh when ruling on a motion for a stay in *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001). Of import to the present discussion is the *Grutter* court's framing of the likelihood of success factor as "'the likelihood that the party seeking the stay will prevail *on the merits of the appeal*.'" *Id.* (quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153-54 (6th Cir. 1991) (emphasis added)). The CBA asserts that *Grutter's* description of the likelihood of success prong establishes that the Court "should have limited its focus to American Family's appeal of the abstention issue, and not American Family's due

process claim." (Doc. # 59 at 4).

The CBA has satisfied its burden of demonstrating that the Court committed a clear error of law by focusing on the due process claim instead of the *Younger* issue when ruling on American Family's motion for a stay and an injunction. Like the *Accident Fund* plaintiffs, American Family alleges constitutional deprivations and seeks injunctive and declaratory relief. (Doc. # 1). In addition, this Court, like the *Accident Fund* court, held that abstention was proper. Moreover, Accident Fund and American Family both filed motions to stay pursuant to Fed. R. Civ. P. 62(c). While the *Accident Fund* court properly focused on the abstention issue when considering the motion to stay, this Court did not, contrary to the clear directive of *Grutter* that the court focus on the "issue on appeal" when addressing the likelihood of success factor.

American Family offers little in the way of a counter-argument, and instead responds by contending that the CBA's motion is an improper attempt to re-litigate issues that "were raised and properly resolved by the Court in connection with American Family's Motion for a Stay." (Doc. # 62 at 1). This argument is without merit, as the CBA could not have previously argued that the Court committed a clear error of law in its June 29, 2006 Opinion & Order until after the Court issued that ruling.

The Court's holding that it committed a clear error of law requires a brief re-examination of the June 28, 2006 Opinion & Order regarding American Family's motion for a stay and injunction pending appeal.

I.      **LIKELIHOOD OF SUCCESS**

With the focus shifted to abstention, the Court is left with the definite and firm impression that American Family has little chance of success on that issue. *See* Doc. # 57 at 9 n.1. In the words of the *Accident Fund* court:

> For the reasons stated at length in my Bench Opinion of January 9, 1984, I believe the decision to abstain was proper under both the Pullman and Burford doctrines. That this was a discretionary decision on my part, which will be reviewed by the Court of Appeals only for an abuse thereof, serves to strengthen my conviction that the decision will be affirmed. Plaintiffs have presented me with no new issues or arguments which I had not considered when making my ruling, nor have they brought to the Court's attention any factual inadequacy upon which the Court relied. The law regarding the discretionary power of abstention is settled and unambiguous. This precedent supports its exercise in this case. Defendants, in their brief in opposition to Plaintiffs' motion, agree that abstention was proper. While recognizing my fallibility, I nonetheless conclude that Plaintiffs have not satisfied ... [the] first criterion necessary for relief under Rule 62(c).

*Accident Fund*, 579 F. Supp. at 726-727 (footnotes omitted).

Likewise, the Court concludes that American Family has little chance of succeeding on the abstention issue before the Sixth Circuit for all of the reasons set forth in the Court's May 9, 2006 Opinion & Order that held abstention under *Younger* was necessary. (Doc. # 47). Thus, the first factor favors denying the motion for a stay/injunction.

## II.     IRREPARABLE INJURY

Perhaps recognizing that injunctions and stays are rarely, if ever, appropriate when financial damage is the only potential injury, American Family ignores a discussion of how *it* would be harmed by the issuance of a stay and instead focuses on the possible harm *its customers* may face were the Court to deny its motion. (Doc. # 52 at 8). American Family's attempt to dodge the pertinent inquiry–namely, whether American Family, as the applicant, would suffer irreparable harm if its motion is not granted–is unsuccessful, as the Court is

convinced that the only harm it would suffer under that scenario would be loss of business profits in Ohio. And, as the Sixth Circuit has held "[i]t is well settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). *See also Friendship Materials v. Michigan Brick, Inc.* 679 F.2d 100, 105 (6th Cir. 1982) (quoting *Triebwasser & Katz v. American Telephone & Telegraph Co.*, 535 F.2d 1356, 1359 (2d Cir. 1976) for the proposition that this prong of the analysis is the "'fundamental and traditional requirement for'" injunctive relief). The second factor therefore weighs in favor of denying the motion for a stay and an injunction.

### III. SUBSTANTIAL INJURY TO OTHER PARTIES

The Court's shifted focus does alter the Court's previous discussion of this element in the June 28, 2006 Opinion & Order. Previously, the Court held "all Ohioans would be harmed if a stay and injunction did not issue because to deny the motion would be to implicitly allow American Family's constitutional right to procedural due process to continue to be violated." (Doc. # 57 at 11). That portion of the previous holding is negated and a brief analysis of the substantial injury factor is necessary because the Court now concentrates on the abstention issue.

American Family comments that its Ohio customers would be harmed absent a stay and an injunction because those individuals would not be able to utilize the "legal and financial services provided as part of membership in the Plan." (Doc. # 52 at 8). In advancing this argument, American Family ignores Ohio's strong interest in regulating of the practice of law. *Berger v. Cuyahoga County Bar Association*, 983 F.2d 718, 723 (6th Cir. 1993); *see also Bailey, et al., v. Moyer, et al.*, No. 05-556, at 5-6 (S.D. Ohio June 23, 2005); *Brown v. Ohio Disciplinary Counsel*, No 99-4514, 2000 U.S. App. LEXIS 23662, at *3 (6th Cir. 2000). The

Supreme Court held:

> The State ... has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses. States traditionally have exercised extensive control over the professional conduct of attorneys. The ultimate objective of such control is 'the protection of the public, the purification of the bar and the prevention of a re-occurrence.' The judiciary as well as the public is dependent upon professionally ethical conduct of attorneys and thus has a significant interest in assuring and maintaining high standards of conduct of attorneys engaged in practice.

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 434 (U.S. 1982) (citations omitted). As a result, the Court holds that Ohio's interest in protecting *all* of its residents from the unauthorized practice of law outweighs whatever inconvenience plan members who are Ohio residents may temporarily suffer without a stay.[1]

Additionally, the CBA's role in maintaining and enforcing the integrity of the local legal profession would be jeopardized. The CBA has "substantial, credible evidence" about American Family that tends to show that American Family is engaging in, or has engaged in, the unauthorized practice of law and that American Family poses a substantial threat of serious harm to the public. " Gov. Bar R. VII Section 5a. The Rule therefore requires the CBA to file a motion for a cease and desist order with the Ohio Supreme Court. Granting a stay and an injunction would serve to harm the CBA's ability to sustain the integrity of the local bar through the enforcement of the Rules of the Government of the Bar. As such, the third factors counsels against granting the stay and an injunction.

## IV.     PUBLIC INTEREST

---

[1] The Court is in no way attempting to belittle that inconvenience.

With the constitutional issue removed, the Court's focus on the state's interest in protecting the public from unqualified attorneys indicates that the stay and injunction should not issue. *Middlesex*, 457 U.S. at 434 (citation omitted). The Court, in its discretion, therefore holds that the factors weigh against a stay and an injunction being issued.

Accordingly, the Court holds that it committed a clear error of law by focusing on the constitutional claim instead of the *Younger* abstention issue when addressing American Family's motion for a stay and an injunction. The CBA's motion for reconsideration is **GRANTED**. (Doc. # 59). Reconsideration reveals that the factors favor denying American Family's request for a stay and injunction; therefore, the Court **VACATES** the June 28, 2006 Opinion & Order. In addition, the Court **VACATES** the June 29, 2006 Order that implemented the June 28, 2006 Opinion & Order. The stay and injunction are therefore lifted.

The Court will not entertain any additional motions for reconsideration on this topic.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost

**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**