# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**AMERICAN FAMILY PREPAID**
**LEGAL CORP.,**

|                          |                                       |
|--------------------------|---------------------------------------|
| **Plaintiff,**           | **Case No. 2:05-CV-459**              |
|                          | **JUDGE GREGORY L. FROST**            |
| **v.**                   | **Magistrate Terence P. Kemp**        |

**COLUMBUS BAR ASSOCIATION,**

       **Defendant.**

## <u>OPINION AND ORDER</u>

This matter is before the Court on Defendant's Motion for Attorneys' Fees and Costs. (Doc. # 69.)  The Court held oral argument on the motion on October 23, 2007.  For the reasons that follow, Defendant's motion is **GRANTED**.

## I.  BACKGROUND

In the Complaint, Plaintiff alleges that on November 19, 2002, Defendant filed a complaint with the Supreme Court of Ohio Board on the Unauthorized Practice of Law ("UPL Board") claiming that Plaintiff was engaging in the unauthorized practice of law.  (Doc. # 1 ¶ 60.)

> [Plaintiff] is a California company that sells memberships in a prepaid legal services plan ('the Plan').  Plan members are entitled to a wide range of legal services, including estate planning, consumer rights, landlord tenant, traffic, domestic relations, issues related to elder law such as social security and medicare issues, bankruptcy and others.

*Id.* ¶ 6.

On March 25, 2003, the parties entered into a Consent Agreement under which Plaintiff agreed to refrain from certain conduct that Defendant claimed constituted the unauthorized practice of law.  (Doc. # 20, Ex. 3.)  Defendant dismissed its complaint before the UPL Board

pursuant to the terms of the Consent Agreement.  (Doc. # 1 ¶¶ 61, 66.)

On March 3, 2005, pursuant to Rule VII, Section 5a of the Ohio Rules for the Government of the Bar, Defendant filed a Motion for an Interim Cease and Desist Order with the Supreme Court of Ohio, arguing that Plaintiff was in breach of the Consent Agreement by their continued unauthorized practice of law.  (Doc. # 20, Ex. 7.)  The Supreme Court of Ohio granted Defendant's motion and issued an Interim Cease and Desist Order on April 12, 2005.  *Id.*, Ex.10.  The court also remanded the matter to the UPL Board, instructing the Board to determine whether Plaintiff violated the Consent Agreement.  *Id.*

On May 11, 2005, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, arguing that Rule VII, Section 5a is facially unconstitutional because it violates its right to procedural due process under the Fourteenth Amendment to the United States Constitution.  (Doc. # 1 ¶ 104.)  The parties entered into an Agreed Stipulation on February 1, 2006, to allow litigation of the alleged constitutional question.  (Doc. # 42.)

On May 9, 2006, upon a motion to dismiss filed by Defendant, this Court dismissed Plaintiff's claims, abstaining pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).  (Doc. # 47.)  On July 13, 2007, the United States Court of Appeals for the Sixth Circuit affirmed this Court's dismissal on the same grounds.  (Doc. # 67.)

On July 27, 2007, Defendant filed its motion for attorneys' fees and costs.  (Doc. # 69.)  On July 30, 2007, Plaintiff's attorneys withdrew from this action.  (Doc. # 70.)  On August 20, 2007, Plaintiff requested and was granted an extension of time in which to respond to Defendant's Motion for Attorneys' Fees and Costs.  (Doc. ## 76, 77.)

On September 10, 2007, Defendant requested and was granted oral argument on

Defendant's Motion for Attorneys' Fees and Costs for September 21, 2007.  (Doc. ## 80, 81.)

On September 20, 2007, at Plaintiff's request, this Court rescheduled the oral hearing for

October 9, 2007 to allow Plaintiff the opportunity to obtain counsel.  (Doc. # 82.)  Before that

hearing, Plaintiff again requested and was granted a postponement for the purpose of obtaining

counsel.  (Doc. # 83.)  The Court rescheduled the hearing for October 23, 2007.  Plaintiff failed

to appear at the hearing.  Defendant appeared and gave oral argument to this Court regarding its

motion for attorneys' fees and costs.

## II.  STANDARD

### A.  Attorneys' Fees

42 U.S.C. § 1988 provides:

Proceedings in vindication of civil rights.

In any action or proceeding to enforce a provision of sections 1977, 1977A, 1978,
1979, 1980, and 1981 of the Revised Statutes [42 USCS
§§ 1981-1983, 1985, 1986], . . . the court, in its discretion, may allow the
prevailing party, other than the United States, a reasonable attorney's fee as part
of the costs . . . .

42 U.S.C. § 1988(b).

Under 42 U.S.C. § 1988, a district court may in its discretion award attorney fees to a

prevailing defendant "upon a finding that 'the plaintiff's action was frivolous, unreasonable, or

without foundation, even though not brought in subjective bad faith.' " *Wayne v. Village of

Sebring*, 36 F.3d 517, 530 (6th Cir. 1994) (quoting *Christiansburg Garment Co. v. EEOC*, 434

U.S. 412, 421 (1978)) (internal quotation marks omitted).  "[A] district court must resist the urge

to engage in 'post hoc reasoning' and the 'hindsight logic' of concluding a suit is without

foundation because the plaintiff ultimately does not prevail."  *Smith v. Smythe-Cramer Co.*, 754

3

F.2d 180, 183 (6th Cir. 1985) (quoting *Christiansburg Garment Co.*, 434 U.S. at 421-22).  A "plaintiff should not be assessed his opponent's attorney fees unless the court finds the claim was groundless at the outset or 'that the plaintiff continued to litigate after it clearly became so.' " *Smythe-Cramer Co.*, 754 F.2d at 183.  This "requires inquiry into the plaintiff's basis for filing suit.  Awards to prevailing defendants will depend on the factual circumstances of each case." *Id.*  If the trial court determines that an award of attorneys' fees is appropriate, it must then determine the amount due.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

### B.  Costs

Rule 54(d) provides:

> Costs Other than Attorneys' Fees.  Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . .

Fed. R. Civ. P. 54(d)(1).

## III.  ANALYSIS

### A.  Entitlement to Attorney Fees and Costs

Defendant argues that, as the prevailing party, it is entitled to costs under Rule 54(d) of the Federal Rules of Civil Procedure and to attorneys' fees under 42 U.S.C. § 1988.  This Court agrees.

First, Rule 54(d) provides for costs to a prevailing party.  Here, Defendant's motion to dismiss was granted by this Court.  This Court's dismissal was then affirmed by the United States Court of Appeals for the Sixth Circuit.  Thus, it is without question that Defendant is the prevailing party and is entitled to its costs associated with this action.

Second, Plaintiff's 42 U.S.C. § 1983 claim filed against Defendant was unreasonable,

4

frivolous, and without foundation.  *See Wayne*, 36 F.3d at 530.  In the Complaint, Plaintiff

alleged that it was denied due process because it was denied an opportunity to contest the

evidence submitted to the Ohio Supreme Court before that court issued the Interim Cease and

Desist Order.  The burden on this point rests on the federal plaintiff to show 'that state

procedural law barred presentation of [its] claims.' "  *Fieger v. Thomas*, 74 F.3d 740, 746 (6th

Cir. 1996) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) which quoted *Moore v.

Sims*, 442 U.S. 415, 432 (1979)).  Plaintiff has utterly failed to meet this burden.  Indeed, the

evidence submitted by Defendant shows the opposite.  That is, after Defendant filed its motion

for an interim cease and desist order, Plaintiff was granted the opportunity to present evidence,

to contest the evidence presented against it, and to argue any constitutional issues in a

memorandum in opposition to that motion.  Plaintiff submitted a memorandum in opposition

challenging the evidence presented against it.  Plaintiff, however, failed to raise any

constitutional challenges to that court.

     Consequently, based upon the evidence before it, this Court concludes that Plaintiff's 42

U.S.C. § 1983 action filed against Defendant was groundless from the outset.  *See

Smythe-Cramer Co.*, 754 F.2d at 183.

     Accordingly, Defendant is entitled to costs and attorney fees.

**B.  Amount of Attorney Fees and Costs**

     For the purposes of an award in a 42 U.S.C. § 1998 action, "[t]he most useful starting

point for determining the amount of a reasonable fee is the number of hours reasonably expended

on the litigation multiplied by a reasonable hourly rate."  *Hensley*, 461 U.S. at 433.  Reasonable

hourly rates are to be calculated according to the prevailing market rates in the relevant

community.  *Blum v. Stenson*, 465 U.S. 886 (1984).  The attorney's normal hourly rate should be a key focal point in awarding attorney fees.  *Kelley v. Metropolitan County Bd. of Ed.*, 773 F.2d 677 (6th Cir. 1985).

In the instant action, Defendant has argued that the fees sought are based on the attorneys' normal hourly rates, which are in accordance with the prevailing market rates in the community.  Defendant has submitted evidence that the time and expenses expended on this action equals $159,841.53.  (Doc. 69, Affidavit of Trial Counsel).  The Court concludes that this amount is reasonable.  Accordingly, Defendant is awarded attorneys' fees and costs in the amount of $159,841.53.

### III.  CONCLUSION

For the reasons set forth above, Defendant's Motion for Attorneys' Fees and Costs is **GRANTED**.  (Doc. # 69.)  The Clerk is **DIRECTED** to enter **JUDGMENT** in the amount of $159,841.53 against Plaintiff and in favor of Defendant.

**IT IS SO ORDERED.**

<u>/s/Gregory L. Frost</u>
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**